**SO ORDERED: April 16, 2008.**



_____
**Frank J. Otte**
**United States Bankruptcy Judge**

```
          UNITED STATES BANKRUPTCY COURT
           SOUTHERN DISTRICT OF INDIANA
                NEW ALBANY  DIVISION


IN RE:
                              )    CHAPTER 11
SYDNEYCO, LLC,                )    CASE NO. 06-90378
                              )
                              )
SYDNEYCO, LLC                 )
       Plaintiff              )
                              )
vs.                           )
                              )    AP NO. 06-59037
McINTYRE BROTHERS, INC.       )
              Defendant       )
```

**ORDER**

This matter comes before the Court upon the filing of the Motion to Alter, Amend or Vacate Pursuant to F.R.C.P. 59 and B.R. 9023 ("Motion") by the Plaintiff on February 7, 2008. The Plaintiff's Motion requests that the Court vacate the January 28, 2008 Judgment it entered against Plaintiff. The Defendant filed a Brief in Opposition to the Motion on February 22, 2008. The Court held a hearing on this matter on March 20, 2008.

Plaintiff's Complaint relies on the doctrine of equitable subordination and asserts that the Defendant engaged in inequitable conduct which should cause this Court to subordinate

the Defendant's lien to the Plaintiff/Debtor's secured creditors, including Fifth Third Bank.  The Court held a trial on this matter on November 15, 2007.  At the close of Plaintiff's evidence, this Court entered judgment in favor of the Defendant and against the Plaintiff, finding that the Plaintiff had failed to carry its burden of proof on the counts set forth in its complaint.

The Plaintiff's Motion to Alter Amend or Vacate states that: " . . . the Court found that the Plaintiff had failed to demonstrate the Defendant's fraudulent conduct which would be required before this Court would consider subordinating the Defendant's claim to Fifth Third Bank."  The Plaintiff requests that the Court reconsider its previous judgment and vacate it on the basis that fraud is not an absolute requirement in order for the Court to exercise its discretion to equitably subordinate a claim to produce what it asserts would be an equitable result.

For the reasons set forth below, this Court finds that the Plaintiff's Motion should be denied.

The Plaintiff's Motion misstates the Court's findings.  This Court, in fact, agrees with the Plaintiff's statement that fraud is not an absolute requirement for this Court to impose equitable subordination.  This Court did not find that fraud was an absolute requirement for this Court to exercise its discretion as stated by the Plaintiff in it's motion.  The Findings entered by this Court on January 28, 2008 found "there was no evidence of

fraud <u>or any other grounds</u> (emphasis added) on which a claim of equitable subordination could be sustained". The Court held that "to prove a case for equitable subordination, the Plaintiff must have shown that the Defendant engaged in some type of inequitable conduct that resulted in injury to the creditors of the estate or conferred an unfair advantage on the Defendant, which it failed to do."

The Court ruled in favor of the Defendant after the Plaintiff rested because there was insufficient evidence presented by Plaintiff upon which it could prevail. Plaintiff, in its Motion to Alter Amend or Vacate Pursuant to F.R.C.P. 59 and 9023, states that facts associated with the Defendant's conduct need clarification and reiteration. The time for evidence was the day of trail, which has passed. Plaintiff had its opportunity to present its facts to this Court. The Plaintiff only argues, incorrectly, that this Court thought it had to find fraud first and that there needs to be clarification and reiteration as to the Defendant's conduct. The vast majority of Plaintiff's Motion reargues facts and case law, all of which were available at the time of trial - but the trail is over. The Court understands that Plaintiff may be disappointed in the result of the trial. However, that is not a basis for reconsideration of a judgment. This Court, in a very rare move on its part, found that even after interpreting everything in

3

favor of the Plaintiff at the close of its case, there was not sufficient evidence for the Plaintiff to prevail.  Even if there had been, which there was not in the present case, some evidence of grounds to impose equitable subordination of a party's claim, it is discretionary with the Court.  It is, as admitted to by the Plaintiff, an equitable relief available to the Court.  This Court did not find enough evidence to even get past the Plaintiff's case in chief, much less utilize its equitable powers to subordinate the Defendant's claim.  The Court did comment that the matter was purely a claims issue to be resolved as part of the allowance and disallowance of claims, which it still believes.

   This Court understands that forces outside this case, as is often true, are driving this litigation.  The facts are clear the Bank would have had a first priority on its first mortgage if it had been aware of the mechanic's lien filed before the closing of the permanent financing.  It is asserted that the title company missed the mechanic's lien.  That, however, does not get attributed to the Defendant's conduct.  The Court is also aware that personal guaranties can often complicate matters; but again, the effects of the personal obligations in this case are not for the Court to consider as to this matter before it.

   Based upon foregoing, this Court ORDERS that the Motion to

4

Alter Amend or Vacate Pursuant to F.R.C.P. 59 and B.R. 9023 is DENIED.

###